# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| EMG TECHNOLOGY, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>DR. PEPPER SNAPPLE GROUP, INC,<br>TIME, INC.,<br>MCDONALD'S CORPORATION,<br>WAL-MART STORES, INC.,<br>U.S. BANCORP,<br>AFLAC INCORPORATED,<br>DOMINO'S PIZZA, INC.,<br>THE PROGRESSIVE CORPORATION,<br>BURGER KING HOLDINGS, INC.,<br>TD AMERITRADE HOLDING<br>CORPORATION,<br><br>    Defendants. | Case No. 6:10-cv-536<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff EMG Technology, LLC ("EMG") alleges as follows for its complaint against Dr. Pepper Snapple Group, Inc, Time, Inc., McDonald's Corporation, Wal-Mart Stores, Inc., U.S. Bancorp, Aflac Incorporated, Domino's Pizza, Inc., The Progressive Corporation, Burger King Holdings, Inc. and TD Ameritrade Holding Corporation (collectively, "Defendants"):

## JURISDICTION AND VENUE

1.  This is an action for patent infringement in violation of the Patent Act of the United States, 35 U.S.C. §§ 1 et seq.

2.  This Court has original and exclusive subject matter jurisdiction over the patent infringement claims for relief under 28 U.S.C. §§ 1331 and 1338(a).

3. The Court has personal jurisdiction over Defendants because Defendants have transacted and are transacting business in the Eastern District of Texas that includes, but is not limited to, the use and sale of products and systems that practice the subject matter claimed in the patents involved in this action.

4. Venue is proper in this district under 28 U.S.C. § 1391(b-c) and 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District where Defendants have done business and committed infringing acts and continue to do business and to commit infringing acts.

## PARTIES

5. EMG is a limited liability company organized under the laws of the State of California with its principal place of business in Los Angeles, California. EMG operates offices at 100 East Ferguson, Ste. 1200, Tyler, Texas 75702.

6. EMG is informed and believes, and on that basis alleges, that Defendant Dr. Pepper Snapple Group, Inc. ("Dr. Pepper"), is a corporation organized under the laws of the Delaware, with its principal place of business at 5301 Legacy Drive, Plano, Texas, 75024. EMG is further informed and believes, and on that basis alleges, that Dr. Pepper is in the business of developing, manufacturing, distributing and selling beverages and related products, and that a significant portion of its revenue derives from the promotion and/or sale of its products and services through its Internet web sites, including web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen. EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Dr. Pepper has done and continues to do business in this judicial district.

7. EMG is informed and believes, and on that basis alleges, that Defendant Time, Inc. ("Time"), is a corporation organized under the laws of the State of Delaware, with its principal place of business at 1271 Ave. of the Americas, New York, New York, 10020-1300. EMG is further informed and believes, and on that basis alleges, that Time is in the business of providing news and information services and publications, and that a significant portion of its revenue derives from the promotion and/or sale of its products and services through its Internet web sites, including web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen. EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Time has done and continues to do business in this judicial district.

8. EMG is informed and believes, and on that basis alleges, that Defendant McDonald's Corporation ("McDonald's"), is a corporation organized under the laws of the State of Delaware, with its principal place of business at One McDonald's Plaza, Oak Brook, Illinois, 60523. EMG is further informed and believes, and on that basis alleges, that McDonald's is in the restaurant business, and that a significant portion of its revenue derives from the promotion and/or sale of its products and services through its Internet web sites, including web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen. EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, McDonald's has done and continues to do business in this judicial district.

9. EMG is informed and believes, and on that basis alleges, that Defendant Wal-Mart Stores, Inc. ("Walmart"), is a corporation organized under the laws of the State of Delaware, with its principal place of business at 702 S.W. 8th Street Bentonville, Arkansas, 72716. EMG is further informed and believes, and on that basis alleges, that Walmart is in the

retail sales business, and that a significant portion of its revenue derives from the promotion and/or sale of its products and services through its Internet web sites, including web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen.  EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Walmart has done and continues to do business in this judicial district.

10. EMG is informed and believes, and on that basis alleges, that Defendant U.S. Bancorp ("US Bank"), is a corporation organized under the laws of the State of Delaware, with its principal place of business at 800 Nicollet Mall, Minneapolis, Minnesota, 55402. EMG is further informed and believes, and on that basis alleges, that US Bank is in the business of providing banking and other financial products and services, and that a significant portion of its revenue derives from the promotion and/or sale of its products and services through its Internet web sites, including web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen.  EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, US Bank has done and continues to do business in this judicial district.

11. EMG is informed and believes, and on that basis alleges, that Defendant Aflac Incorporated ("Aflac"), is a corporation organized under the laws of the State of Georgia, with its principal place of business at 1932 Wynnton Road, Columbus, Georgia, 31999. EMG is further informed and believes, and on that basis alleges, that Aflac is in the business of providing insurance and related products and services, and that a significant portion of its revenue derives from the promotion and/or sale of its products and services through its Internet web sites, including web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen.  EMG is informed and believes, and on that basis

alleges, that, at all times relevant hereto, Aflac has done and continues to do business in this judicial district.

12.     EMG is informed and believes, and on that basis alleges, that Defendant Domino's Pizza, Inc. ("Domino's"), is a corporation organized under the laws of the State of Delaware, with its principal place of business at 30 Frank Lloyd Wright Drive, Ann Arbor, Michigan, 48106. EMG is further informed and believes, and on that basis alleges, that Domino's is in the restaurant business, and that a significant portion of its revenue derives from the promotion and/or sale of its products and services through its Internet web sites, including web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen.  EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Domino's has done and continues to do business in this judicial district.

13.     EMG is informed and believes, and on that basis alleges, that Defendant The Progressive Corporation ("Progressive"), is a corporation organized under the laws of the State of Ohio, with its principal place of business at 6300 Wilson Mills Road, Mayfield Village, Ohio, 44143. EMG is further informed and believes, and on that basis alleges, that Progressive is in the business of providing insurance and related products and services, and that a significant portion of its revenue derives from the promotion and/or sale of its products and services through its Internet web sites, including web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen.  EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Progressive has done and continues to do business in this judicial district.

14.     EMG is informed and believes, and on that basis alleges, that Defendant Burger King Holdings, Inc. ("Burger King"), is a corporation organized under the laws of the State of

Delaware, with its principal place of business at 5505 Blue Lagoon Drive, Miami, Florida, 33126. EMG is further informed and believes, and on that basis alleges, that Burger King is in the restaurant business, and that a significant portion of its revenue derives from the promotion and/or sale of its products and services through its Internet web sites, including web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen.  EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, Burger King has done and continues to do business in this judicial district.

15. EMG is informed and believes, and on that basis alleges, that Defendant TD Ameritrade Holding Corporation ("TD Ameritrade"), is a corporation organized under the laws of the State of Delaware, with its principal place of business at 4211 South 102 nd Street, Omaha, Nebraska, 68127. EMG is further informed and believes, and on that basis alleges, that TD Ameritrade is in the business of providing investing and other financial products and services, and that a significant portion of its revenue derives from the promotion and/or sale of its products and services through its Internet web sites, including web sites reformatted for use on portable devices and cellular phones capable of browsing the Internet using a small screen. EMG is informed and believes, and on that basis alleges, that, at all times relevant hereto, TD Ameritrade has done and continues to do business in this judicial district.

**PATENTS**

16. United States Patent No. 7,441,196 (the "'196 Patent") entitled "Apparatus and Method of Manipulating a Region on a Wireless Device Screen for Viewing, Zooming and Scrolling Internet Content" was duly and legally issued on October 21, 2008.  A true and correct copy of the '196 Patent is attached hereto as Exhibit "A" and incorporated herein by this reference.  By a series of assignments, EMG is now the assignee of the entire right, title and

interest in and to the '196 Patent, including all rights to enforce the '196 Patent and to recover for infringement. The '196 Patent is valid and in force.

17. United States Patent No. 7,020,845 (the "'845 Patent") entitled "Navigating Internet Content on a Television Using a Simplified Interface and a Remote Control" was duly and legally issued on March 28, 2006. A true and correct copy of the '845 Patent is attached hereto as Exhibit "B" and incorporated herein by this reference. By a series of assignments, EMG is now the assignee of the entire right, title and interest in and to the '845 Patent, including all rights to enforce the '845 Patent and to recover for infringement. The '845 Patent is valid and in force.

## FIRST CLAIM FOR RELIEF

### Infringement of the '196 Patent

18. EMG refers to and incorporates herein by reference paragraphs 1-17.

19. Defendants, by the acts complained of herein, and by making, using, selling, offering for sale, and/or importing in the United States, including in the Eastern District of Texas, instrumentalities embodying the invention, have in the past, do now, and continue to infringe the '196 Patent directly, contributorily and/or by inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

20. By reason of the acts of Defendants alleged herein, EMG has suffered damage in an amount to be proved at trial.

21. Defendants threaten to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to EMG's irreparable injury. It would be difficult to ascertain the amount of compensation that would afford EMG adequate relief for

such future and continuing acts, and a multiplicity of judicial proceedings would be required. EMG does not have an adequate remedy at law to compensate it for the injuries threatened.

22. Plaintiff is informed and believes, and on that basis alleges, that the infringement of Domino's, WalMart, McDonalds, Burger King and Time is willful, wanton, and deliberate, without license and with full knowledge of the '196 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages against those defendants.

## SECOND CLAIM FOR RELIEF

### Infringement of the '845 Patent

23. EMG refers to and incorporates herein by reference paragraphs 1-22.

24. Defendants, by the acts complained of herein, and by making, using, selling, offering for sale, and/or importing in the United States, including in the Eastern District of Texas, instrumentalities embodying the invention, have in the past, do now, and continue to infringe the '845 Patent directly, contributorily and/or by inducement, literally and/or under the doctrine of equivalents, in violation of 35 U.S.C. § 271.

25. By reason of the acts of Defendants alleged herein, EMG has suffered damage in an amount to be proved at trial.

26. Defendants threaten to continue to engage in the acts complained of herein and, unless restrained and enjoined, will continue to do so, all to EMG's irreparable injury. It would be difficult to ascertain the amount of compensation that would afford EMG adequate relief for such future and continuing acts, and a multiplicity of judicial proceedings would be required. EMG does not have an adequate remedy at law to compensate it for the injuries threatened.

27. Plaintiff is informed and believes, and on that basis alleges, that the infringement of Domino's, WalMart, McDonalds, Burger King and Time is willful, wanton, and deliberate,

without license and with full knowledge of the '845 Patent, thereby making this an exceptional case entitling Plaintiff to attorneys' fees and enhanced damages against those defendants.

## JURY DEMAND

28.     EMG demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, EMG prays for relief as follows:

A.      For an order finding that the '196 Patent is valid and enforceable;

B.      For an order finding that the '845 Patent is valid and enforceable;

C.      For an order finding that Defendants have infringed the '196 Patent and the '845 Patent directly, contributorily and/or by inducement, in violation of 35 U.S.C. § 271;

D.      For an order finding that Defendants Domino's, WalMart, McDonalds, Burger King and Time have willfully infringed the '196 Patent and the '845 Patent;

E.      For an order temporarily, preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, privies, and all others acting in concert or participation with any of them, from infringing the '196 Patent and the '845 Patent directly, contributorily and/or by inducement, in violation of 35 U.S.C. § 271;

F.      For an order directing Defendants to file with the Court, and serve upon EMG's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which they have complied with the injunction;

G.      For an order awarding EMG general and/or specific damages adequate to compensate EMG for Defendants' infringement, including a reasonable royalty and/or lost profits, in amounts to be fixed by the Court in accordance with proof, including enhanced and/or

7319750v2

exemplary damages, as appropriate, as well as all of Defendants' profits or gains of any kind from their acts of patent infringement;

  H. For an order awarding EMG pre-judgment interest and post-judgment interest at the maximum rate allowed by law;

  I. For an order requiring an accounting of the damages to which EMG is found to be entitled;

  J. For an order awarding enhanced damages pursuant to 35 U.S.C. § 284 due to the willful and wanton nature of Defendants' infringement;

  K. For an order declaring this to be an exceptional case pursuant to 35 U.S.C. § 285 and awarding EMG its attorneys' fees;

  L. For an order awarding EMG its costs of court; and

  M. For an order awarding EMG such other and further relief as the Court deems just and proper.

DATED: October 8, 2010    Respectfully Submitted,

**OF COUNSEL:**

Jeffer Mangels Butler and Mitchell, LLP

  Stanley M. Gibson
  (Cal. Bar No. 162329)
  *smg@jmbm.com*

  Gregory S. Cordrey
  (Cal. Bar No. 190144)
  *gxc@jmbm.com*

  Joshua S. Hodas, Ph.D.
  (Cal. Bar No. 250802)
  *jsh@jmbm.com*

By:/s/Charles Ainsworth

Charles Ainsworth
State Bar No. 00783521
Robert Christopher Bunt
State Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, TX 75702
903/531-3535
903/533-9687
E-mail: charley@pbatyler.com
E-mail: rcbunt@pbatyler.com

1900 Avenue of the Stars, Seventh Floor
Los Angeles, CA 90067
Telephone: (310) 203-8080
Facsimile: (310) 203-0567

7319750v2