**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| EMG TECHNOLOGY, LLC, | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CASE NO. 6:10-CV-536 |
| DR. PEPPER SNAPPLE GROUP, INC., et al., | § § | |
| Defendants. | § § § | |
| | § § | |
| EMG TECHNOLOGY, LLC, | § § | |
| Plaintiff, | § § | |
| vs. | § § | CASE NO. 6:11-CV-488 |
| RADIO SHACK CORPORATION, et al., | § § § | |
| Defendants. | § | |

**PROVISIONAL OPINION AND ORDER**

This provisional claim construction Order sets forth the Court's initial constructions for the disputed claim terms in U.S. Patent No. 7,441,196 ("the '196 Patent"). It also sets forth a cursory analysis on some of the contested issues that were before the Court. The Court will issue a Memorandum Opinion, including a full analysis of the disputed claim terms, at a later date. The Court may modify these provisional constructions when it issues the Memorandum Opinion. This Order is intended to serve as a guideline framework with which the parties may proceed at an earlier point in the litigation.

## BACKGROUND

On October 8, 2010, EMG Technology, LLC ("EMG") filed suit against Dr. Pepper Snapple Group, Inc; Time, Inc.; McDonald's Corporation; Wal-Mart Stores, Inc.; U.S. Bancorp; Aflac Incorporated; Domino's Pizza, Inc.; The Progressive Corporation; Burger King Holdings, Inc.; and TD Ameritrade Holding Corporation.[1] 6:10-cv-536, Docket No. 1. On September 14, 2011, EMG filed suit against Radio Shack Corporation; Ford Motor Company; The AllState Corporation; Aetna, Inc.; Avis Budget Group, Inc.; Tiffany & Co.; Kohl's Corporation; Dick's Sporting Goods, Inc.; T. Rowe Price Group, Inc.; Liberty Mutual Holding Company, Inc.; Suntrust Banks, Inc.; Metlife, Inc.; and The Dun & Bradstreet Corporation.[2] 6:11-cv-488, Docket No. 1. Both suits involve allegations that the Defendants[3] infringe U.S. Patent No. 7,441,196 entitled "Apparatus and Method of Manipulating a Region on a Wireless Device Screen for Viewing, Zooming and Scrolling Internet Content." On March 29, 2012, the Court conducted a *Markman* hearing on the disputed '196 Patent claim terms. All disputed terms presented below are used in claims 25, 28, 29, 35, 57, 58, 59, 61, 67, 68, and 71 of the '196 Patent.

## CONSTRUCTION

**1.     webpage**

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| A document on the world wide web | A page with a URL on the world wide web |

At the *Markman* hearing, the parties agreed to the following construction for this term: "a document on the world wide web." Further, the parties agreed that a document on the world wide web has a URL.

---

[1] Only Domino's Pizza, Inc.; TD Ameritrade Holding Corporation; and The Traveler's Indemnity Company (added via amended complaint) remain in the suit at this time.
[2] Only Radio Shack Corporation; Aetna, Inc.; Avis Budget Group, Inc.; T. Rowe Price Group, Inc.; Liberty Mutual Holding Company, Inc.; Suntrust Banks, Inc.; and The Dun & Bradstreet Corporation remain in the suit at this time.
[3] Defendants shall be used to denote the remaining defendants in both cases.

**2.     sister site**

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| A website that is related to another website | Website that is related to a webpage and is at a discrete location from the webpage |

The Court provisionally construes this term as "a website that is related to another website."

**3.     unique input**

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| A single input that is sufficient to activate a single navigation option | A separate input that actuates only one navigation option and that does not change function based on its position or movement relative to the screen |

The Court provisionally construes this term as "a separate input that actuates only one navigation option." This construction captures the "one-to-one" nature of a unique input being able to activate only one navigation option. The Court also provisionally finds that EMG did not clearly disavow touch screens during prosecution or reexamination.

**4.     The [first/online] content reformatted from a web page in a hypertext markup language (HTML) format into an extensible markup language (XML) format to generate a sister site**

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| No construction necessary, apart from construing the terms "web page" and "sister site" | Generating a sister site by converting the format of [first/on-line] content on a web page from hypertext markup language (HTML) format to extensible markup language (XML) format |

The Court provisionally finds that this term does not require construction.

5. **displayed in a form of a two-dimensional layer of cells**

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| No construction necessary | Displayed in cells arranged in rows and columns |

The Court provisionally finds that this term does not require construction. Further, the Court notes that the parties agreed at the *Markman* hearing that a single listing of cells is not a two-dimensional layer of cells.

6. **manipulating a [region/selected region] of the screen for viewing and zooming and/or scrolling of the displayed on-line content**

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| No construction necessary | Viewing and zooming and/or scrolling only a portion of the screen containing the displayed on-line content |

The Court provisionally finds that this term does not require construction. Further, the Court provisionally finds that the claim language does not limit "region" to only a portion of the screen.

7. **simplified navigation interface**

| Plaintiff's Proposed Construction | Defendants' Proposed Construction |
|---|---|
| An interface that simplifies navigation of a web page and is provided by a sister site | Indefinite<br><br>Alternatively: An interface through which the content of the web page is divided into separate regions and displayed by a sister site so that the user can first select a region to focus on and then select a link within that region to actuate |

The Court provisionally finds that this term is not indefinite and that it does not require construction. The Court provisionally finds that the scope and meaning of this term would be clear to one of skill in the art based on the claim language and specification. As the Board of Patent Appeals and Interferences noted, the navigation interface is simplified with respect to the

4

original webpage or website for which the sister site was created. Further, the claim language itself provides details about how a simplified navigation interface is implemented.

**So ORDERED and SIGNED this 3rd day of April, 2012.**

_____
**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**